UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

INTEGRATED CONSTRUCTION, LLC,

    Plaintiff,

vs.   Case No. 3:19-cv-766-J-34JBT

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Amended Notice of Removal (Doc. 9; Amended Notice), filed July 15, 2019. In a previous Order (Doc. 5; Order), the Court reviewed Defendant's Notice of Removal (Doc. 1; Notice), and concluded that it was unable to determine whether it had diversity jurisdiction over the action, as asserted by Defendants. See Order. In particular, the Court noted that Defendant improperly alleged the citizenship of Plaintiff, Integrated Construction, LLC. Accordingly, the Court ordered Defendant to provide the Court with sufficient information to establish diversity of citizenship between the parties. Id. at 4.

In its Amended Notice, Defendant states that Integrated Construction's members included Pentax, LLC, and 4M Constructors, Inc. Amended Notice at 3. Defendant properly identified the citizenship of 4M Constructors. Id. In detailing the citizenship of Pentax, LLC, Defendant stated that that its sole member was "Todd B. Zona, a <u>resident</u> of Fernandina Beach, establishing Pentax as a Florida citizen." Id. at 3-4 (emphasis

1

added). The information Defendant provided regarding Zona is insufficient for the Court to establish that there is complete diversity among the parties.

To establish diversity over a natural person, a complaint or notice of removal must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

Because the Amended Notice discloses Zona's residence, rather than his domicile, the Court finds that Defendant has not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

Accordingly, it is **ORDERED**:

1. The Defendant's Amended Notice of Removal (Doc. 9) is **STRICKEN.**

2. Defendant shall file a second amended notice of removal curing the jurisdictional deficiencies on or before **August 1, 2019**.  Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of July, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies to:
Counsel of Record
Pro Se Parties